IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                    ORDER

                   Plaintiff,

                                                                                    05-cr-48-bbc
                                                                                    07-cv-664-bbc

     v.

JACQUELINE MARTINSON,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On May 24, 2010, defendant Jacqueline Martinson filed a motion to modify her sentence under 18 U.S.C. § 3742 and included with it a copy of a request that she has sent to the court of appeals for the appointment of counsel to represent her on the "appeal." In her motion, she alleges that the district court imposed an improper sentence on her in 2005, when it erred in applying the sentence enhancement under U.S.S. G. 3B1.4 for using a minor to commit a crime.

      On June 1, 2010, while defendant's May 24 motion was still under advisement in this court, defendant filed a notice of appeal and application for certificate of appealability. It is unclear what this notice of appeal refers to since no order has been entered on her § 3742

1

motion. It may be that defendant believed that she could appeal the November 2007 order denying her untimely motion for modification of her sentence that she brought under 28 U.S.C. § 2255 by filing a notice of appeal and certificate of appealability on her § 3742 motion.

Although defendant tries to bring her motion for modification of his sentence under § 3742, her motion is properly characterized as brought pursuant to 28 U.S.C. § 2255. Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (holding that defendants cannot avoid the requirements of the Antiterrorism and Effective Death Penalty Act by inventive captioning; "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255"). Section 2255 prohibits a defendant from filing a second or successive motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." This motion is defendant's second attack on her sentence, which tends to explain her effort to avoid labeling it as a § 2255 motion. She filed a motion under § 2255 on November 27, 2007; that motion was denied as untimely. She has not obtained certification from the court of appeals for this second motion. Therefore, this court lacks authority to entertain it.

Defendant is free to seek certification for a second motion from the Court of Appeals

2

for the Seventh Circuit. 28 U.S.C. § 2255(h).

ORDER

IT IS ORDERED that the motion filed by defendant Jacqueline Martinson for modification of her sentence under 18 U.S.C. § 3742 is construed as a motion to vacate or modify a sentence brought under 28 U.S.C. § 2255 and is DISMISSED because this court lacks the authority to entertain it.

Entered this 8th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge